IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DEBRA WOMACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2-08CV-043 TJW/CE |
| | § | |
| CHRYSLER LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

COMES NOW, DEBRA WOMACK (hereinafter referred to as "Plaintiff"), and respectfully files this Original Complaint against CHRYSLER LLC (hereinafter referred to as "Defendant"), and in support hereof would state and show the following:

### A. Parties

1. Plaintiff Debra Womack is an individual, and she resides in and is a citizen of Sanger, Denton County, Texas.

2. Defendant Chrysler LLC is a foreign Corporation doing business in Texas, and service of process upon this Defendant may be had by serving its registered agent for service, CT Corporation, at 350 N. St. Paul Street, Dallas, Texas 75201.

### B. Jurisdiction

3. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### C. Facts

4. On or about January 3, 2008, Jeremy Gillette was driving a 2005 Jeep Liberty (VIN# 1J4GK48K25W506028) with Debra Womack as the front-right passenger. The vehicle was traveling southbound near the 1000 block on NFM 156 and near the intersection of King George in Ponder, Denton County, Texas, when control of the vehicle was lost and it ultimately rolled over.

5. At the time of the accident, Debra Womack was properly wearing her 3-point seat belt.

6. However, despite being properly restrained, Debra Womack sustained serious injuries when her vehicle failed to protect her.

### D. Cause(s) of Action as to Defendant Chrysler LLC

7. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

8. The injuries and damages complained of herein occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

9. Defendant designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because of the following defects:

    a. the vehicle's roof structure is weak and inadequate;
    b. the vehicle's roof structure is defective and unreasonably dangerous;
    c. the vehicle fails to contain design characteristics or structural characteristics so that the roof is strong enough to withstand 2 ½ to 3 times the weight of the vehicle;
    d. the vehicle was not drop tested;
    e. Defendant has known or should have known for years that moderate or severe roof damage during accidents increases the risk of injury;
    f. Defendant has known or should have known that high degrees of roof collapse result in higher degrees of head injury;
    g. Defendant has known or should have known that car manufacturers have said repeatedly since the 1960's, in internal documents, that roof crush and head/neck injuries are causally linked;
    h. the side window was made of tempered glass which fails to provide any ejection mitigation;
    i. the tempered glass failed to stay intact and allowed a properly restrained occupant to be partially ejected;
    j. the glass failed to provide proper restraint;
    k. the glass rendered the other restraint systems ineffective;
    l. the glass violated principles of crashworthiness; and/or
    m. the vehicle violated principles of crashworthiness.

10. Defendant was negligent in the testing of the vehicle in question.

11. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Plaintiff Debra Womack's damages.

12. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Plaintiff Debra Womack's serious injuries.

### E. Damages To Plaintiff

13. As a result of the acts and/or omissions of Defendant, Plaintiff Debra Womack has endured pain and suffering, extreme emotional distress, mental anguish, impairment, disfigurement, interference with her daily activities, and a reduced capacity to enjoy life in the past and, in all likelihood, into the future as a result of her injuries.

14. As a result of the acts/or omissions of Defendant, Plaintiff Debra Womack has become obligated to pay reasonable and necessary medical expenses in the past and, in all likelihood, will into future as a result of her injuries.

15. As a result of the acts and/or omissions of Defendant, Plaintiff Debra Womack has suffered lost wages in the past, and diminished earning capacity into the future, as a result of her injuries.

16. The above and foregoing acts and/or omissions of Defendant, resulting in the serious injuries to Plaintiff Debra Womack, have caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

### G. Prayer

17. For the reasons presented herein, Plaintiff prays that Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recovers judgment against Defendant for:

   a. economic and non-economic damages;
   b. prejudgment and post-judgment interest beginning January 3, 2008;
   c. costs of suit; and
   d. all other relief the Court deems proper.

Respectfully submitted,

**The TRACY firm**

_/s/ Todd Tracy_

Todd Tracy (Lead Counsel)
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
acounts@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, TX  75231
(214) 324-9000 Phone
(972) 387-2205 Fax

**ATTORNEYS FOR PLAINTIFF**